**Anthony T. LEE et al., Plaintiffs,**

**United States of America, Plaintiff-Intervenor-Appellant,**

**National Education Association, Inc., Plaintiff-Intervenor,**

v.

**LINDEN CITY SCHOOL SYSTEM et al., Defendants-Appellees.**

No. 78–2952.

United States Court of Appeals, Fifth Circuit.

May 6, 1980.

William J. Baxley, Atty. Gen., Montgomery, Ala., William A. Kimbrough, U. S. Atty., Franz R. Marshall, Atty., Burtis M. Dougherty, Atty., Joshua P. Bogin, Atty., Walter W. Barnett, U. S. Dept. of Justice, Washington, D. C., for plaintiff-intervenor-appellant.

Lloyd, Dinning & Boggs, H. A. Lloyd, Demopolis, Ala., for defendants-appellees.

Before GODBOLD, TJOFLAT and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This school desegregation case involves pupil assignment in the two elementary schools of the Linden, Alabama, city system. The district court found that pupil assignment was not invalid and did not violate the 1970 order of the court, as modified.[1]

Linden is a formerly segregated system. It has only two elementary schools, located approximately a mile apart. Linden Elementary is formerly all-white. Austin Elementary is formerly all-black and is located in what was, before desegregation began, an all-black school complex.

In 1970 the district court directed the implementation of a pairing plan filed by the United States that would place students in kindergarten through grade three in Linden Elementary and those in grades four through six in Austin Elementary, provided that the system could elect to modify this plan by filing a written modification within 20 days under which it would draw appropriate zone lines for its two elementary schools. The system did not elect to establish zones but instead, in July 1970, asked for approval of a modification under which it would assign all elementary students to Linden Elementary and:

By utilizing the balance of the physical plant facilities of the System for kindergarten, vocational agriculture and home economics classes, and all Title I activities, consisting of various remedial programs for students in Grades One through Six, without regard to race.

The system's reason for asking this modification was:

The said Linden School Board respectfully petitions this Honorable Court to authorize modification of the previous plan submitted by the United States as above set out rather than a modification involving zoning. With the reduced enrollment anticipated as a result of private school registrations, this Board is of the opinion at this time that it would not be economically feasible to maintain two school plants housing Grades One through Six.

The requested modification was approved.

Since then Austin Elementary has been used for Title I activities for students in grades One through Six. Linden determines eligibility for Title I courses by voluntary testing. The physical location for all tests given since 1970 has been at Austin Elementary. Since 1970 no white student has taken the tests, thus only black students have been assigned to Austin for the Title I program. A few black students assigned to Austin Elementary have transferred to Linden Elementary. In 1970, Austin Elementary was 100% black. In 1977–78 it was still 100% black. Linden Elementary was 15.7% black in 1970 and 36.6% black in 1977–78. Austin Elementary has not been utilized for only Title I instruction. Rather, the system gives a full elementary curriculum to all the Title I students at Austin. The only justification given for this is administrative convenience.

■ It requires nothing more than the recital of these facts to demonstrate that Linden is operating a system from which the vestiges of segregation have not been removed. The system is operating in violation of the 1970 order. Through coupling the Title I system and the administrative convenience of offering to the students at Austin those parts of their curriculum not embraced within Title I, the system is "maintain[ing]" two school plants housing Grades One through Six" despite its representation in 1970 that this was not economically feasible. A Title I program may not be used to further racial discrimination, in violation of the purpose of Title I. Cf. George v. O'Kelly, 448 F.2d 148, 150–51 (5th Cir. 1971); U. S. v. Texas Education Agency, 467 F.2d 848 (5th Cir. 1972).

■ The United States requests that this court order that Austin Elementary and Linden Elementary be paired; this was the

---

1. Other matters included in the district court's order have not been appealed.

plan that was ordered in 1970 but laid aside when the order was modified on the request of the system. Because of the passage of time, it is appropriate that the remedy be fashioned in the district court. We reverse and remand with directions to the district court that a plan that will desegregate the elementary schools be put into effect no later than the beginning of the 1980–81 school year. To this end the court shall direct the system to propose a plan promptly and shall schedule a hearing within 30 days from the mandate of this court. The court shall promptly enter findings and conclusions. Should either party be dissatisfied with the judgment of the district court a transcript of the proceedings shall be filed in this court promptly as a supplemental record. This court retains jurisdiction of this appeal for the limited purpose of considering objections to the district court's judgment if there be any.

REVERSED and REMANDED with directions.